# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>STEPHEN D. KING,<br><br>    Debtor,<br>_____<br><br>STEPHEN D. KING,<br><br>    Plaintiff,<br><br>v.<br><br>DAN SKOLNESS, DALJIT SIKKA, GEORGE M. TADROS, REEM DANIAL, STEVEN M. COHAN, STEVEN M. COHAN AS TRUSTEE OF STEVEN M. COHAN AND JILL R. COHAN JOINT REVOCABLE TRUST DATED MAY 11, 2006, AS AMENDED, JOHN OERTEL, FRED JOHN WILLIAMS III, PERSONAL REPRESENTATIVE OF THE ESTATE OF FRED JOHN WILLIAMS, JR., DAVID L. FLOD, SCOTT and ELIZABETH ZBIKOWSKI, and EDWARD J. OERTEL,<br><br>    Defendants. | **Chapter 11**<br><br>**Case No. 18-71778-wlh**<br><br><br><br>**Adversary Proceeding<br>No. 19-05026-wlh** |

## **REPLY TO COUNTERCLAIM**

Plaintiff Stephen D. King, for his reply to the Counterclaim filed by the above-captioned Defendants (AP Doc. 5), submits the following:

1.

Plaintiff admits the allegations in Paragraph 1 of the Counterclaim.

2.

Plaintiff admits the allegations in Paragraph 2 of the Counterclaim.

3.

Plaintiff admits the allegations in Paragraph 3 of the Counterclaim.

4.

Plaintiff admits the allegations in Paragraph 4 of the Counterclaim.

5.

Plaintiff admits the allegations in Paragraph 5 of the Counterclaim.

6.

Plaintiff admits the allegations in Paragraph 6 of the Counterclaim.

7.

Plaintiff admits the allegations in Paragraph 7 of the Counterclaim.

8.

Plaintiff admits the allegations in Paragraph 8 of the Counterclaim.

9.

Plaintiff admits the allegations in Paragraph 9 of the Counterclaim.

10.

Plaintiff admits the allegations in Paragraph 10 of the Counterclaim.

11.

Plaintiff admits the allegations in Paragraph 11 of the Counterclaim.

12.

Plaintiff admits the allegations in Paragraph 12 of the Counterclaim.

13.

Plaintiff admits the allegations in Paragraph 13 of the Counterclaim.

14.

Plaintiff admits the allegations in Paragraph 14 of the Counterclaim.

15.

Plaintiff admits the allegations in Paragraph 15 of the Counterclaim.

16.

Plaintiff admits being the Chief Executive Officer of Wits Basin Precious Minerals, Inc., but denies the remaining allegations in Paragraph 16 of the Counterclaim.

17.

Due to the ambiguity of the allegations contained in Paragraph 17 of the Counterclaim, Plaintiff is unable to respond to this Paragraph. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 17 of the Counterclaim.

18.

Plaintiff denies the allegations in Paragraph 18 of the Counterclaim.

19.

Plaintiff denies the allegations in Paragraph 19 of the Counterclaim.

20.

Plaintiff denies the allegations in Paragraph 20 of the Counterclaim.

21.

Plaintiff denies the allegations in Paragraph 21 of the Counterclaim.

22.

Plaintiff denies the allegations in Paragraph 22 of the Counterclaim.

23.

Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

24.

Plaintiff denies the allegations in Paragraph 24 of the Counterclaim.

25.

Plaintiff denies the allegations in Paragraph 25 of the Counterclaim.

26.

Plaintiff denies the allegations in Paragraph 26 of the Counterclaim.

27.

Plaintiff denies the allegations in Paragraph 27 of the Counterclaim.

28.

Plaintiff denies the allegations in Paragraph 28 of the Counterclaim.

29.

Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

30.

Plaintiff denies the allegations in Paragraph 30 of the Counterclaim.

31.

Plaintiff denies the allegations in Paragraph 31 of the Counterclaim.

32.

Plaintiff denies the allegations in Paragraph 32 of the Counterclaim.

33.

Plaintiff denies the allegations in Paragraph 33 of the Counterclaim.

34.

Plaintiff denies the allegations in Paragraph 34 of the Counterclaim.

35.

Plaintiff denies the allegations in Paragraph 35 of the Counterclaim.

36.

Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

37.

Plaintiff denies the allegations in Paragraph 37 of the Counterclaim.

38.

Plaintiff denies the allegations in Paragraph 38 and sub-paragraphs of the Counterclaim.

39.

Plaintiff denies the allegations in Paragraph 39 of the Counterclaim.

40.

Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

41.

Plaintiff denies the allegations in Paragraph 41 of the Counterclaim.

42.

Plaintiff denies the allegations in Paragraph 42 of the Counterclaim.

43.

Plaintiff denies the allegations in Paragraph 43 of the Counterclaim.

44.

Plaintiff denies the allegations in Paragraph 44 of the Counterclaim.

45.

Plaintiff denies all allegations contained in the ad damnum paragraph and sub-paragraphs of the Counterclaim and denies that Defendants are entitled to any of the relief sought therein.

46.

Plaintiff denies all allegations contained in the Counterclaim that have not been expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Plaintiff asserts the following affirmative defenses to Defendants' Counterclaim. In doing so, Plaintiff does not assume the burden to establish any fact or proposition where the burden is properly imposed on Defendants.

1.

Defendants' claims are barred for failure to state a claim against Plaintiff on which relief can be granted.

2.

Defendants' claims are barred by election of remedies.

3.

Defendants' claims are barred by the parol evidence rule.

4.

Defendants' claims are barred by the applicable statute of frauds.

5.

Defendants' claims are barred by the applicable statute of limitations.

6.

Defendants' claims are barred due to their own negligence and their assumption of the risk.

7.

To the extent Defendants sustained any damages, which is denied, Defendants failed to properly mitigate their damages.

8.

Defendants' damages, if any, are the result of their own conduct or lack thereof, and not that of Plaintiff.

9.

Plaintiff was not the proximate or legal cause of any damages allegedly suffered by Defendants.

Defendants have failed to plead fraud with the requisite specificity as required by FED. R. CIV. P. 9(b), incorporated into adversary proceedings by FED. R. BANKR. P. 7009.

10.

Defendants' claims are barred by accord and satisfaction.

-9-

11.

Defendants' claims are barred by impossibility of performance and/or illegality.

12.

Defendants' claims are barred by waiver, consent, and/or ratification.

13.

Defendants' claims are barred by the equitable defense of *in pari delicto*.

Defendants' claims are barred because any representations or statements alleged to have been made by Plaintiff were true and accurate at the time made and/or otherwise made in good faith and with a reasonable belief as to their validity and accuracy.

14.

Defendants' claims are barred by the business judgment rule.

15.

Defendants' claims are barred by their own acquiescence.

16.

Defendants' claims are barred by the equitable doctrines of unclean hands, laches, and/or estoppel.

17.

The Counterclaim fails to describe the claims asserted against Plaintiff with sufficient particularity to permit Plaintiff to ascertain what other defenses may exist. Plaintiff, therefore, reserves the right to assert all defenses that may pertain to the Counterclaim once the precise nature of the claims has been ascertained.

**WHEREFORE**, Plaintiff prays for relief in connection with the Counterclaim as follows:

1. That this Court grant a judgment in favor of Plaintiff and against the Defendants in connection with the Counterclaim;

2. That Plaintiff recover his costs and expenses incurred in responding to the Counterclaim; and

3. That this Court grant Plaintiff such other and further relief as is just and proper.

[Signature of Counsel Appears on Next Page]

Dated: April 3, 2019

Respectfully submitted, **ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Samantha L. Tzoberi*
William A. Rountree, GA Bar No. 616503
E-mail: wrountree@randllaw.com
Samantha L. Tzoberi, GA Bar No. 140809
E-mail: stzoberi@randllaw.com
2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329
Office: 404-584-1244
Fax: 404-704-0246
*Counsel for Plaintiff/Debtor*

-13-

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Court utilizing the Court's Electronic Case Filing system on April 3, 2019, which will serve all Filing Users by electronic notification.

*/s/ Samantha Tzoberi*
Samantha L. Tzoberi
GA Bar No. 140809